**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONALD MCCABE,

        Plaintiff,

        v.                              Civil Action No. 11-7403 (MAS) (TJB)

EICHENBAUM & STYLIANOU, LLC,     **MEMORANDUM OPINION**
and RAB PERFORMANCE
RECOVERIES, LLC,

        Defendants.

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Donald McCabe's ("Plaintiff" or "McCabe") Motion for Leave to File an Amended Complaint, filed on July 13, 2012. (Pls.' Mot., ECF No. 13.) On July 23, 2012, Defendants Eichenbaum & Stylianou, LLC and RAB Performance Recoveries, LLC (collectively, "Defendants") filed a Cross Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c). (Defs.' Mot., ECF No. 15.) The Court has carefully considered the Parties' submissions and held oral argument on the motions on October 1, 2012. For good cause shown, Defendants' Motion for Judgment on the Pleadings is DENIED and Plaintiff's Motion to Amend is GRANTED.

**I.    BACKGROUND**

Plaintiff's Complaint was filed on December 20, 2011. (Complaint ("Compl."), ECF No. 1.) The Complaint asserts that Defendants' written communication dated August 16, 2011 (the "Letter") failed to comply with several provisions of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 (2012). (Compl. ¶¶ 23-30.) The portion of the Letter at issue stated:

> We will assume that this debt is valid unless you dispute the same, or any portion thereof, within thirty (30) days from your receipt of this notice. If, for any reason, you dispute this debt or any portion thereof, you *may* notify us of the same in writing within thirty (30) days from receipt of this notice. We will then obtain verification of your obligation or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail you a copy of such verification or judgment.

(Pl.'s Mot., Ex. 1, ECF No. 13) (emphasis added).

On July 13, 2012, Plaintiff filed a Motion for Leave to File an Amended Complaint. (ECF No. 13.) Subsequently, on July 23, 2012, Defendants filed a Cross Motion for Judgment on the Pleadings.[1] (ECF No. 15.) Plaintiff filed his Opposition to Defendants' Cross Motion on July 30, 2012. (Pl.'s Resp., ECF No. 17.)

## II. LEGAL STANDARD AND ANALYSIS

### A. Motion for Judgment on the Pleadings

#### 1. Validation Notice

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A court will grant judgment on the pleadings if, on the basis of the pleadings, no material issue of fact remains and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c); *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). The standard governing a Rule 12(c) motion is the same standard governing motions to dismiss under Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

---

[1] Defendants' opposition to Plaintiff's Motion for Leave to File an Amended Complaint is contained within their Cross Motion for Judgment on the Pleadings.

A district court conducts a three-part analysis when considering a Fed. R. Civ. P. 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Defendants argue that a Motion for Judgment on the Pleadings is proper because the Letter is in full compliance with the FDCPA. (Defs.' Br. 4.) Defendants further assert that Plaintiff's arguments are without legal or factual merit because the Letter made clear that if Plaintiff wanted to contest the debt, he must do so in writing. (*Id.* at 7.) The language used in the

3

Letter, according to Defendants, mirrors the language used in the statute, and therefore complies with 15 U.S.C. § 1692g(a)(3). (*Id.*)

Plaintiff, however, argues that the Letter was in violation of 15 U.S.C. §§ 1692g(a)(3)-(4). (Pl.'s Resp. 4-5.) Plaintiff takes issue with the use of the word "may" in the Letter, stating that "may" conveys to the least sophisticated debtor that certain disputes do not need to be made in writing. (*Id.*) Plaintiff's contention is correct. According to *Graziano v. Harrison*, any dispute must be in writing. 950 F.2d 107, 112 (3d Cir. 1991). Therefore, the Letter could be considered deceptive and misleading, especially considering the inferences due to Plaintiff under a Fed. R. Civ. P. 12(c) analysis.

"[L]ender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). This standard is lower than the standard of a reasonable debtor. *Wilson v. Quadramed*, 225 F.3d 350, 354 (3d Cir. 2000). "[A] communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Brown*, 464 F.3d at 454. The "least sophisticated debtor" standard is utilized in order to effectuate "the basic purpose of the FDCPA: . . . to protect 'all consumers, the gullible as well as the shrewd' . . . ." *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). Additionally, a debt collection letter is considered to be deceptive when "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Quadramed*, 225 F.3d at 354.

The least sophisticated debtor standard protects against bizarre or idiosyncratic interpretations of collection notices. In the present case, the least sophisticated debtor could have interpreted the Letter to mean that there was a way to dispute the debt other than in writing.

Specifically, Plaintiff could have interpreted the letter to mean that the debt could be contested in writing *or* through some other form. In light of the Third Circuit's ruling in *Graziano* that any dispute must be made in writing, this ambiguity indicates a possible violation of the FDCPA. As such, Defendants Cross Motion for Judgment on the Pleadings is denied.

### 2. Prejudgment Interest

Plaintiff also contests the validity of the Letter on the grounds that, when the debt was validated, the amount owed increased an additional $5.69. Defendants responded at oral argument by stating that New Jersey Court Rule 4:42-11(b) allows for prejudgment interest to be assessed in debt collection matters.

New Jersey Court Rule 4:42-11(b) applies to contract claims such as the one Defendants were trying to collect. *See Bak-A-Lum Corp. v. Alcoa Bldg. Prod.*, 69 N.J. 123, 131 (1976); *see also Litton Indus. v. IMO Indus.*, 200 N.J. 372, 390 (2009). However, the assessment of prejudgment interest is a matter of discretion for the trial court, not the parties involved. *Pignataro v. Port Auth.*, 593 F.3d 265, 274 (3d Cir. 2010). Defendants, therefore, are not entitled to charge prejudgment interest and Plaintiff was possibly charged an undocumented fee in violation of the FDCPA. This, in combination with the potentially misleading nature of the Letter, illustrates that Plaintiff has met the burden to survive a motion for judgment on the pleadings.

### B. Motion to Amend

Under Federal Rule Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Deciding whether to grant leave to amend a complaint "is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10

F.3d 168, 174 (3d Cir. 1993). Moreover, the Third Circuit has adopted a liberal approach in favor of permitting pleading amendments in order to ensure "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Thus, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Alternatively, leave to amend a pleading may be denied if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of the amendment. *Id.*; *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Importantly, prejudice to the non-moving party constitutes "the touchstone for the denial of leave to amend." *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981). Futility of amendment is defined as the inability to survive a motion to dismiss. *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Therefore, evaluating futility involves application of the same standard of legal sufficiency that is applied under Rule 12(b)(6).

Plaintiff asserts that granting leave to file an amended complaint will not prejudice Defendants. (Pl.'s Mot. 5.) Additionally, Plaintiff states that his request is not the result of undue delay, or bad faith. (*Id.*) Rather, the allegations in Plaintiff's Amended Complaint are seeking to expand on the legal theories for which Plaintiff seeks relief. (*Id.*) Here, the Court does not find undue delay, bad faith or dilatory motive. Moreover, because the Court has found that Plaintiff's complaint has survived a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and the amendment only seeks to expand on the legal theories already contained in Plaintiff's complaint, the Motion for Leave to Amend the Complaint is hereby GRANTED.

## III.  CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendants' Motion for Judgment on the Pleadings is DENIED and Plaintiff's Motion to Amend is GRANTED. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: December 19, 2012