**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **DONALD MC CABE** | ) | **CIVIL ACTION NO. 3:11-cv-07403-FLW-TJB** |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **EICHENBAUM & STYLIANOU, LLC and RAB PERFORMANCE RECOVERIES, LLC** | ) | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| | ) | |
| Defendant | ) | |

Defendants, Eichenbaum & Stylianou, LLC and RAB Performance Recoveries, LLC ("Defendants"), by undersigned counsel, submit this opposition to Plaintiff's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

## TABLE OF CONTENTS

I. Introduction

II. Defendants did not violate the FDCPA section 1692g because the use of the word "may" in the August 16, 2011 correspondence would not lead the least-sophisticated debtor to believe disputes could be made other than in writing.

III. Defendants did not violate the FDCPA section 1692e because the amount stated in the dunning letter was accurate; the amount of the debt was not misrepresented.

IV. Defendants did not violate the FDCPA section 1692f because the amount sought was permitted by law.

V. Defendants did not violate the FDCPA section 1692g(a)(1) because the letter stated the amount of the debt.

VI. Plaintiffs continuation of this action after Defendants March 6, 2013 Offer of Judgment Pursuant to Rule 68 is simply a decision to generate additional legal fees.

VII. Defendant RAB Performance Recoveries, LLC is not liable for any actions by Defendant Eichenbaum & Stylianou, LLC.

VIII. Conclusion

# TABLE OF AUTHORITIES

**Cases**


| | |
|---|---|
| *Wilson v Quadramed Corporation*, 225 F.3d 350, 354 (3rd Cir.2000) | 5, 7 |
| *Miller v Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991) | 5 |
| *Swanson v Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 12224 (9th Cir.1988) | 5 |
| *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir.1991) | 5, 6, 8 |
| *Baker v. G.C. Servs.*, 677 F.2d 775, 778 (9th Cir.1982) | 5 |
| *United States v. National Financial Serv., Inc.*, 98 F.3d 131, 136 (4th Cir.1996) | 5, 6 |
| *Clomon v Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993) | 5, 6 |
| *Ardino v. Financial Recovery Services, Inc.*, Case No11-06520, D.N.J., June 6, 2012 | 7 |
| *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols*, 214 F.3d 872, 876 (7th Cir.2000) | 8, 9, 12 |
| *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir.2003) | 9, 13 |
| *Bak-A-Lum Corp. v Alcoa Bldg. Prod.*, 69 N.J. 123 (1976) | 10 |
| *Smith v Lyons, Doughty & Veldhuis, P.C.* 2008 WL 2885887 (D.N.J.) | 11 |
| *Dragon v I.C. System, Inc*. 483 F.Supp.2d 198, 202 (D. Conn. 2007) | 11,12 |
| *Jacobson v. Healthcare Fin. Servs., Inc*., 434 F. Supp.2d. 133 (E.D.N.Y. 2006) | 15 |


**Statutes**


| | |
|---|---|
| 15 U.S.C §1692 et seq. | 4-15 |

## I. INTRODUCTION

Defendants oppose Plaintiff's Motion for Summary Judgment because the August 16, 2011 and September 21, 2011 letters fully comply with the provisions of the Fair Debt Collection Practices Act 15 USC §1692 et seq.

## II. Defendants did not violate the FDCPA section 1692g because the use of the word "may" in the August 16, 2011 correspondence would not lead the least-sophisticated debtor to believe disputes could be made other than in writing.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 USC §1692 *et. seq.*

Plaintiff alleges that Defendants violated provisions of the FDCPA by sending him correspondence dated August 11, 2011, which provides:

> We will assume that this debt is valid unless you dispute the same, or any portion thereof, within thirty (30) days from your receipt of this notice. If, for any reason, you dispute this debt or any portion thereof, you may notify us of same in writing within thirty (30) days from receipt of this notice. We will then obtain verification of your obligation or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail you a copy of such verification or judgment.

Plaintiff claims that the preceding language violates the FDCPA, 15 USC §1692g(3) and (4) because the letter is unclear as to how a debtor should dispute a debt.

15 USC §1692g(a) provides that a debt collector shall include the following information in a written notice to debtor:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to by valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debtor collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

In order to comply with the validation requirements set forth above, more is required than simply including the statutory notice. *Wilson v Quadramed Corporation*, 225 F.3d 350, 354 (3rd Cir.2000) (citing *Miller v Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991) citing *Swanson v Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 12224 (9th Cir.1988)). The statutory validation notice is to be interpreted from the perspective of the "least sophisticated debtor." *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir.1991) citing *Baker v. G.C. Servs.*, 677 F.2d 775, 778 (9th Cir.1982). The purpose of the least-sophisticated-consumer standard is to protect all consumers, the gullible as well as the shrewd. *Wilson v. Quadramed*, 225 F.3d at 354 (citing *United States v. National Financial Serv., Inc.*, 98 F.3d 131, 136 (4th Cir.1996)). While this standard protects naive consumers, it also "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed at 355* (citing *Clomon v Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)).

The *Graziano* Court has held that in order for a dispute to be effective, same must be in writing. *Graziano v. Harrison* 950 F.2d 107, 112 (3rd Cir.1991). The Court explained that there were good reasons to require disputes to be made in writing, including, among others, creating a record of the dispute. Id.

In Plaintiff's December 20, 2011 Complaint (Doc 1), he originally claimed that Defendants August 16, 2011 correspondence violated the FDCPA because it would lead the least-sophisticated

debtor to believe a dispute must be made in writing. See Complaint paragraphs 19 through 20. Plaintiff, in fact, made a request to Defendants in writing on September 9, 2011, a copy of which is annexed hereto. As a representative of this hypothetical least-sophisticated debtor, Plaintiff clearly understood Defendants letter to mean disputes must be made in writing.

It is only after being informed by Defendants that the basis for the December 20, 2011 Complaint was flawed, that Plaintiff amended stating rather that the August 16, 2011 correspondence would lead the least-sophisticated debtor to believe a dispute did not have to be in writing (see Amended Complaint Doc 26). This is without basis, the letter provides disputes should be made in writing and Plaintiff did so.

The language to which Plaintiff objects reads in relevant part "If, for any reason, you dispute this debt or any portion thereof, you may notify us of same in writing within thirty (30) days from receipt of this notice." The relevant portion of the statute provides that a debt collector must furnish the debtor with "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debtor collector." 15 USC §1692g(a)(4). The language in the August 16, 2011 letter tracks the language in the statute and is fully compliant with the provisions of 15 USC §1692g(a)(4).

Plaintiff now argues that the use of the word "may" would lead the least-sophisticated debtor to believe that a dispute did not have to be in writing. This argument must fail because Plaintiff fails to read the sentence in its entirety. The sentence in questions provides: "If, for any reason, you dispute this debt or any portion thereof, you may notify us of same in writing within thirty (30) days from receipt of this notice." The use of the word "may" is in conjunction with "notify" and indicates that the debtor may

notify Eichenbaum & Stylianou of a dispute, if same exists, or can choose not to notify Eichenbaum & Stylianou if there is no dispute. Nowhere does the sentence state that a debtor may notify E&S verbally or in any other manner than "in writing". The sentence is clear and the Plaintiff's reading of same is exactly the type of "bizarre or idiosyncratic interpretation" for which the Court does not seek to impose liability on debt collectors. *Wilson v. Quadramed at 355* (citing *Clomon v Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)).

Plaintiff argues that the language contained in the August 16, 2011 correspondence would lead the least-sophisticated consumer to believe that he could dispute a debt orally, or in writing, when pursuant to *Graziano*, any dispute must be in writing. In a recent unpublished opinion, the United States District Court for the District of New Jersey rejected this exact argument. In *Ardino v. Financial Recovery Services, Inc.*, Case No 2:11-cv-06520, D.N.J. decided June 6, 2012 (copy attached), the debt collector sent correspondence to the consumer containing the following language:

YOU OWE $2854.04. FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-866-415-2398. UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF This DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN A VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE ORIGINAL CREDITOR

The Plaintiff in Ardino took issue with the language "FOR FURTHER INFORMATION, WRITE THE UNDERSIGNED OR CALL 1-866-415-2398." The Court notes that the "Plaintiff does not – and likely could not – take issue with the language of the validation notice."

The validation notice in Defendants August 16, 2011 correspondence is almost verbatim to the notice provided in *Ardino*, where the Court noted a consumer could not take issue with the language in

the notice. The *Ardino* Court also rejected the consumer's argument that the request to call for further information would lead a consumer to believe a dispute could be made orally. The Court stated that a "Review of the entirety of the Communication reveals that a proper dispute must be made in writing. Plaintiff's interpretation requires the reader to ignore his own common sense and is the kind of idiosyncratic interpretation that the Court need not heed, even under the low bar of the least sophisticated debtor standard." *Ardino,* p. 5. If the Court finds that the language in *Ardino* adequately conveys a dispute must be made in writing, the same must be true of Defendants August 16, 2011 correspondence, which contains almost identical language.

### III. Defendants did not violate the FDCPA section 1692e because the amount stated in the dunning letter was accurate; the amount of the debt was not misrepresented.

Plaintiff argues that Defendants violated section 1692e because the August 16, 2011 correspondence states "As of the date of this letter, there is due and owing to our client the sum of $9,658.65 with respect to your First National Bank of Omaha Visa account." Plaintiff argues that this language violates the statute because it would lead the least-sophisticated debtor to believe that $9,658.65 was the amount due "at any time." This reading of the letter is bizarre and idiosyncratic. The letter specifies that the amount due is "as of the date of this letter." Meaning, the amount due on August 16, 2011 was $9,658.65.

Plaintiff argues that Defendants are required to include a statement that the amount due may vary based upon additional interest etc. In *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols*, the Court provided to debt collectors the following "safe harbor" language to satisfy 15 USC §1692g(a)(1), "As of the date of this letter, you owe $___ [ the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in

which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number].” 214 F.3d 872, 876 (7th Cir.2000). The Court went on to clarify, however, that they were not holding that a debt collector must use this form of words to avoid violating the FDCPA. Id. In *Miller*, the letter at issue stated “that the unpaid principal balance of the loan was $178,844.65, but added that this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances, or other charges for preservation and protection of the lender’s interest in the property, as authorized by your loan agreement.” Id. at 875 The *Miller* Court held that this language did not comply with the FDCPA because the unpaid principal balance is not the debt but rather part of the debt. Id. The *Miller* Court went on to say that while it might be impossible to project what amount would be due on some future date, “what they certainly could do was to state the total amount due – interest and other charges as well as principal – on the date the dunning letter was sent. We think the statute required this.” Id. at 875-76.

In the *Miller* case, the initial demand letter failed to set forth the amount of the debt. In this case, Defendants provided exactly what the *Miller* court stated was required, namely, the total amount due. They provided Plaintiff with the total amount due (principal, interest and other charges) on August 16, 2011, the date the dunning letter was sent.

In the August 16, 2011 letter at issue here, Defendants in fact provided the total amount due, including principal and interest and any other charges, as of the date the dunning letter was sent. There is no confusion as to the amount due on August 16, 2011. In *Veach v. Sheeks* the Court emphasized the holding in Miller, stating “the amount of debt provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final worst-case scenario *could* be.” 316 F.3d 690, 693 (7th Cir.2003). Here, Defendants informed the Plaintiff what his obligation was as of August 16, 2011, not what it might be on some hypothetical future date. The

amount included in the letter was complete and included all sums due and owing as of August 16, 2011, providing the required notice of the "amount of the debt" pursuant to 15 USC §1692g(a)(1).

Plaintiff further alleges that Defendants violated section 1692e because the initial dunning letter of August 16, 2011 stated the balance due as $9,658.65, but the subsequent verification provided on September 21, 2011 set forth a balance due of $9,664.34, an increase of $5.69. The basis for Plaintiffs claim is that first, New Jersey law did not permit Defendants to assess prejudgment interest and second, that the original creditor, First National Bank of Omaha waived the right to assess interest after charge off.

New Jersey Court Rule 4:42-11(b) and *Bak-A-Lum Corp. v Alcoa Bldg. Prod.,* 69 N.J. 123 (1976) provide for the assessment of pre-judgment interest on contract claims. Defendants were permitted to add interest to the balance due at the rate set by the Court. Even if Defendants were not permitted to add interest pursuant to the New Jersey Court Rules, interest is permitted by Plaintiff's contract with First National Bank of Omaha.

Plaintiff's argument that First National Bank of Omaha waived the right to charge interest when the debt was charged off pursuant to Federal regulation is without legal or factual basis. As Plaintiff notes, banks are required to charge off credit card debts after 6 months of delinquency. Plaintiff goes on to argue, without any factual basis or evidence that most banks waive interest after charge off. In support of this claim, Plaintiff attaches FDIC's Division of Supervision and Consumer Protection (DSC) Risk Management Manual of Examination Policies. As an initial matter, Plaintiff fails to provide a certification from the FDIC laying the basis for introduction of this hearsay document. Nowhere in this document is there any indication that First National Bank of Omaha (or any other financial institution for that matter) has a policy of not charging interest post charge off.

Defendants were in fact permitted to charge interest at the contractual rate Plaintiff had with First National Bank of Omaha. Despite that, the interest was rather calculated at the (lower) rate set by and permitted by the Court.

Plaintiff goes on to argue that even if Defendants were permitted to assess interest (contractual or pursuant to Court Rule), the failure to disclose that interest would continue to accrue in the August 16, 2011 dunning letter was an omission of material information in violation of section 1692e.

In further support of this argument that Defendants were required to make a statement regarding ongoing accrual of interest, Plaintiff cites to various cases which are not binding on this Court.

In *Smith v Lyons, Doughty & Veldhuis, P.C.* the debt collector sent a letter to Smith which provided "Please accept this letter as Credigy Receivables Inc. assignee of First Selection, Inc.'s request for payment in the amount of $5,740.55 plus unpaid accrued interest, which is $5,028.90." 2008 WL 2885887 (D.N.J.). The Court found that letter to be in violation of the FDCPA because the least sophisticated debtor "might believe that he could pay his debt in full by remitting the sum of the principal and interest stated in the August 22 letter at any time after he received that letter. Such a belief would be incorrect because the total amount of the debt was and is subject to periodic adjustment by Credigy." Id. at 6.

The facts in *Smith* are easily distinguishable from the facts and issues presented to the Court here. Defendant's August 16, 2011 letter provides in pertinent part "As of the date of this letter, there is due and owing to our client the sum of $9,658.65 with respect to your First National Bank of Omaha Visa account." The least sophisticated debtor reading this sentence would understand it to mean that as of August 16, 2011 the total amount due was $9,658.65.

Plaintiff also cites to a District of Connecticut case where the debt collector's letter stated "Principal Owed: $136.64; BALANCE DUE: $136.64." *Dragon v I.C. System, Inc*. 483 F.Supp.2d 198,

202 (D. Conn. 2007). The Court there stated "this case is nevertheless one where not only did the collection notice not specifically indicate the date as of which the "BALANCE DUE" amount was the full amount of the debt, it also was potentially misleading for the "least sophisticated consumer" who could readily conclude that the total amount stated as due ($136.64) was due *at* any *time*." Id. at 203.

Again, this case is easily distinguishable from the facts here. Defendant's August 16, 2011 letter provided to Plaintiff the total amount due on that date, August 16, 2011. The letter specified that $9,658.65 was the amount due "As of the date of this letter." There is no indication in the letter that the amount of $9,658.65 would be the amount due on any other date.

## IV. Defendants did not violate the FDCPA section 1692f because the amount sought was permitted by law.

The language to which Plaintiff objects says "As of the date of this letter, there is due and owing to our client the sum of $9,658.65 with respect to your First National Bank of Omaha Visa account." Plaintiff claims this statement is misleading because a debtor could believe that the total amount required to pay the debt in full was $9,658.65 without any further interest or fees. The relevant portion of the FDCPA provides that a debt collector must provide the debtor with a written notice of "the amount of the debt" 15 USC §1692g(a)(1). The language contained in Defendants August 16, 2011 correspondence in fact provides the least sophisticated debtor with the amount of the debt as of the date of the letter. The letter specifies that the amount due is "as of the date of this letter."

Again Plaintiff argues that Defendants are required to include a statement that the amount due may vary based upon additional interest etc. In *Miller* supra, the Court provided to debt collectors the following "safe harbor" language to satisfy 15 USC §1692g(a)(1), "As of the date of this letter, you owe $___ [ the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown

above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]." 214 F.3d 872, 876 (7th Cir.2000). The Court went on to clarify, however, that they were not holding that a debt collector must use this form of words to avoid violating the FDCPA. Id. In *Miller*, the letter at issue stated "that the unpaid principal balance of the loan was $178,844.65, but added that this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances, or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement." Id. at 875 The *Miller* Court held that this language did not comply with the FDCPA because the unpaid principal balance is not the debt but rather part of the debt. Id. The *Miller* Court went on to say that while it might be impossible to project what amount would be due on some future date, "what they certainly could do was to state the total amount due – interest and other charges as well as principal – on the date the dunning letter was sent. We think the statute required this." Id. at 875-76.

In the August 16, 2011 letter at issue here, Defendants in fact provided the total amount due, including principal and interest and any other charges, as of the date the dunning letter was sent. There is no confusion as to the amount due on August 16, 2011. In *Veach v. Sheeks* the Court emphasized the holding in Miller, stating "the amount of debt provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final worst-case scenario *could* be." 316 F.3d 690, 693 (7th Cir.2003). Here, Defendants informed the debtor what his obligation was as of August 16, 2011, not what it might be on some hypothetical future date. The amount included in the letter was complete and included all sums due and owing as of August 16, 2011, providing the required notice of the "amount of the debt" pursuant to 15 USC §1692g(a)(1).

**V. Defendants did not violate the FDCPA section 1692g(a)(1) because the letter stated the amount of the debt.**

The relevant language in Defendants August 16, 2011 letter provides: "As of the date of this letter, there is due and owing to our client the sum of $9,658.65 with respect to your First National Bank of Omaha Visa account." Plaintiff argues that this language violates the statute because it would lead the least-sophisticated debtor to believe that $9,658.65 was the amount due "at any time." This reading of the letter is bizarre and idiosyncratic. The letter specifies that the amount due is "as of the date of this letter." Meaning, the amount due on August 16, 2011 was $9,658.65.

In the August 16, 2011 letter at issue here, Defendants in fact provided the total amount due, including principal and interest and any other charges, as of the date the dunning letter was sent. There is no confusion as to the amount due on August 16, 2011. In *Veach v. Sheeks* the Court emphasized the holding in Miller, stating "the amount of debt provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final worst-case scenario *could* be." 316 F.3d 690, 693 (7th Cir.2003). Here, Defendants informed the debtor what his obligation was as of August 16, 2011, not what it might be on some hypothetical future date. The amount included in the letter was complete and included all sums due and owing as of August 16, 2011, providing the required notice of the "amount of the debt" pursuant to 15 USC §1692g(a)(1).

**VI. Plaintiff's continuation of this action after Defendants March 6, 2013 Offer of Judgment Pursuant to Rule 68 is simply a decision to generate additional legal fees.**

On March 6, 2013, Defendants served Plaintiff with an Offer of Judgment, which is annexed hereto. Defendants made an offer of judgment to Plaintiff in the amount of $7,500.00 which represented statutory damages, reasonable attorneys' fees, litigation expenses and costs of suit incurred by Plaintiff. As the Court is aware, the maximum recovery for Plaintiff in this case is $1,000.00 statutory damages

plus attorney fees. While Defendants do not admit any violation of the FDCPA, if the Court finds there was a violation, it was *de minimis*.

Plaintiff's continuation of this litigation is a thinly disguised effort to churn and manufacture attorney fees which are completely out of proportion to the harm alleged, an increase of $5.69 worth of interest to the balance due. Plaintiff here is not attempting to vindicate any real wrong done, rather making an attempt to line his (and his attorneys) pockets.

In *Jacobson v. Healthcare Fin. Servs., Inc*, the Court noted that there has been a marked increase in FDCPA claims being filed in the United States District Court for the Eastern District of New York. 434 F. Supp.2d 133,138 (E.D.N.Y. 2006). The Court went on to point out that many of those claims were being filed by sophisticated consumers, not the consumer who has been threatened or misled." Id. Finally, the Court noted:

> the cottage industry that has emerged does not bring suits to remedy the 'widespread and serious national problem' of abuse that the Senate observed in adopting the legislation, 1977 U.S.C.C.A.N. 1695, 1696, nor to ferret out collection abuse in the form of "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.' Rather, the inescapable inference is that the judicially developed standards have enabled a class of professional plaintiffs. Id.

None of the wrongs sought to be remedied when the FDCPA was enacted are present here. This case is an attempt by Plaintiff (who has filed other similar litigation) to generate income for himself and his attorneys.

**VII. Defendant RAB Performance Recoveries, LLC is not liable for any actions by Defendant Eichenbaum & Stylianou, LLC.**

Plaintiff alleges multiple violations of the FDCPA against Defendants in connection with correspondence sent to Plaintiff on August 16, 2011 and September 21, 2011. Each of these letters are unmistakably from Defendant Eichenbaum & Stylianou, LLC. There is no factual or legal basis for holding Defendant RAB Performance Recoveries, LLC liable for the actions of Defendant Eichenbaum

& Stylianou, LLC. RAB does not have any control over the letters drafted by Eichenbaum & Stylianou and cannot be found to have violated the FDCPA.

**VIII. Conclusion**

Plaintiff is not entitled to Summary Judgment pursuant to Fed. R. Civ. P. 56 because the August 16, 2011 correspondence and validation notice fully comply with 15 USC §1692g.

WHEREFORE, Defendants respectfully request that Plaintiff's Motion for Summary Judgment be denied.

May 20, 2013

Respectfully submitted,

*s/ Mia Kiritsis*
Mia Kiritsis
Eichenbaum & Stylianou, LLC
Attorneys for Defendants
10 Forest Ave
Paramus, NJ 07652
(201) 368-2850 ext. 5113
mkiritsis@esnjlaw.com

**Proof of Service**

I hereby certify that this application was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Jeanne Lahiff, Esq.
Weisberg & Meyers, LLC
5025 N. Central Ave, #602
Phoenix, AZ 85012

*s/ Mia Kiritsis*
Mia Kiritsis