<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DONALD MCCABE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-7403 (MAS) (TJB) |
| EICHENBAUM & STYLIANOU, LLC, AND RAB PERFORMANCE RECOVERIES, LLC, | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**<u>SHIPP, District Judge</u>**

This matter comes before the Court upon Plaintiff Donald McCabe's ("Plaintiff" or "McCabe") Motion for Summary Judgment. (Pl.'s Mot., ECF No. 33; Pl.'s Moving Br., ECF No. 34.) Defendants Eichenbaum & Stylianou, LLC ("E&S") and RAB Performance Recoveries, LLC ("RAB") (collectively "Defendants") filed Opposition to the Motion. (Defs.' Opp'n Br., ECF No. 36.) Plaintiff filed a Reply. (Pl.'s Reply Br., ECF No. 38.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and for other good cause shown, Plaintiff's Motion is GRANTED in part and DENIED in part.

**I.    <u>BACKGROUND</u>**

Plaintiff has submitted the following material facts, which Defendants have not disputed:

1.    McCabe is a "consumer" as defined by 15 U.S.C. § 1692a(3).

2. E&S is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

3. E&S is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

4. RAB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. RAB purchased McCabe's debt in the amount of $9,658.65 from First National Bank of Omaha after it had been charged off in that amount and was in default.

6. RAB hired E&S to collect McCabe's debt on RAB's behalf.

7. E&S sent McCabe an initial written communication dated August 16, 2011 in an effort to collect the debt.

8. Defendants' August 16, 2011 letter asserted a "balance due" on McCabe's debt in the amount of $9,658.65.

9. The letter also stated:

   We will assume that this debt is valid unless you dispute the same, or any portion thereof, within thirty (30) days from your receipt of this notice. If, for any reason, you dispute this debt or any portion thereof, you may notify us of same in writing within thirty (30) days from receipt of this notice. We will then obtain verification of your obligation or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail you a copy of such verification or judgment.

10. Defendants' August 16, 2011 letter did not state that the amount of McCabe's debt was subject to increase due to accrual of interest or other charges.

11. E&S sent McCabe a subsequent written communication dated September 21, 2011.

12. Defendants' September 21, 2011 letter asserted a "balance due" on McCabe's debt in the amount of $9,664.34.

13. Defendants' September 21, 2011 communication also provided the following information regarding the debt:

Finance charge percentage rate: 0.00%

Annual percentage rate (APR): 0.00%

Fees: 0.00%

(*See* Pl.'s Statement of Material Facts Not in Dispute, ECF No. 35.)

## II. LEGAL DISCUSSION AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48. Therefore, a party opposing summary judgment must do more than rest upon allegations, general denials or vague statements. *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001).

### B. Vicarious Liability

#### 1. Parties' Positions

Plaintiff has named both RAB and E&S as Defendants to this suit, and seeks separate damages awards from each Defendant. (*See generally* Am. Compl., ECF No. 26.) Citing *Pollice v. Nat'l Tax Funding, L.P.*, Plaintiff argues that a debt collector under the FDCPA can be held

vicariously liable for the entities that it enlists to collect debts on its behalf. 225 F.3d 379, 404 (3d Cir. 2000); (Pl.'s Reply Br. 8.)

Defendants assert that RAB is not liable for "letters drafted by Eichenbaum & Stylianou." (Defs.' Opp'n Br. 16.) They claim that E&S was the only entity directly responsible for writing the letters and that Plaintiff has not offered any "factual or legal basis for holding" RAB liable. (*Id.* at 15.)

    2.    Discussion

Here, the pertinent case law is unambiguous. In *Pollice v. National Tax Funding, L.P.*, the Third Circuit expressly recognized that as long as an entity is a "debt collector" under the FDCPA, it may be held vicariously liable for unlawful collection practices. 225 F.3d at 404. Defendants do not object to Plaintiff's categorization of RAB as a "debt collector" and fail to articulate case law or any other authority that would sever the chain of liability. The Court, therefore, finds RAB liable for E&S's improper conduct under the FDCPA.

**C.**    **Amount of the Debt (Counts I through XIV)**

    1.    Parties' Positions

Plaintiff asserts that Defendants violated 15 U.S.C. §§ 1692e, 1692f, and 1692g, when Defendants added $5.69 to the original debt upon Plaintiff's request for debt verification. (Am. Compl. ¶¶ 39-83; Pl.'s Moving Br. 12-14.) In doing so, Plaintiff argues, Defendants participated in abusive practices forbidden under the FDCPA. (Pl.'s Moving Br. 12-14.)

Plaintiff further argues that the First National Bank of Omaha waived its right to assess interest once the debt had been "charged off." Plaintiff additionally asserts that banks customarily waive their right to charge interest post-charge off because, financially, it is in their best interest. (Pl.'s Moving Br. 15-17.) Moreover, Plaintiff submits a bill from RAB providing

the $9,658.65 balance and indicating that the "finance charge percentage rate," "annual percentage rate," and "fees" were all "0.00%." (Am. Compl. Ex. C.)

Plaintiff argues that even if adding the interest was lawful, Defendants' failure to properly disclose the accrual of interest in its letter independently violated the FDCPA. (Pl.'s Moving Br. 20.) Beginning with *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000), Plaintiff cites cases from a variety of jurisdictions, including the District of New Jersey, to demonstrate that a growing body of law requires full disclosure of accruing interest in a debt collection letter. (Pl.'s Moving Br. 20-25.)

Defendants respond with two alternative theories: either (1) the additional balance constitutes prejudgment interest under New Jersey Court Rule 4:42-11(b) and *Bak-A-Lum Corp. v. Alcoa Bldg. Prod.*, 69 N.J. 123 (1976); or (2) First National Bank of Omaha possessed a contractual right to charge interest, which passed to the debt collector upon assignment. (Defs.' Opp'n Br. 10.)

Defendants also argue that they properly disclosed the amount of the debt in the collection letter. (*Id.* at 8-10.) They claim that they satisfied the Seventh Circuit's *Miller* case, which provides a "safe harbor," even where the balance is subject to accruing interest, as long as the letter reads: "[a]s of the date of this letter, you owe $___." (*Id.* at 8.) Defendants reason that the law requires disclosure of only the present obligation as opposed to one on a hypothetical future date. (*Id.* at 9.)

      2.    Discussion

The Court finds that Defendants violated the FDCPA with regard to the additional $5.69 in interest charged. Defendants first characterize the interest as prejudgment interest. Defendants, however, previously raised this possibility on their motion for judgment on the pleadings. The Court finds no reason to revisit its previous disposition that prejudgment interest is a "matter of

discretion for the trial court, not the parties involved," pursuant to New Jersey Court Rule 4:42-11(b) and *Bak-Alum Corp.*, 69 N.J. at 131. (*See* Dec. 19, 2012 Opinion, ECF No. 24.) "Defendants, therefore, are not entitled to charge prejudgment interest." (*Id.* at 5.)

Defendants alternatively argue that they possess the contractual right to charge interest. Defendants also highlight the logical disconnect between Plaintiff's evidence of general industry practice and the facts of this specific case. However, Defendants submit no supplemental exhibits to support their contention that they "were in fact permitted to charge interest at the contractual rate Plaintiff had with First National Bank of Omaha." (Defs.' Opp'n Br. 10-11.) In addition, RAB's August 8, 2011 bill for $9,658.65 specifically provides the following:

Charged-off on: 11/28/08

Open date: 06/01/06

Finance charge percentage rate: 0.00%

Annual percentage rate (APR): 0.00%

Fees: $0.00%

This account was purchased by RAB Performance Recoveries, LLC on: 08/08/11

(*See* Pl.'s Am. Compl. Ex. C.)

Defendants' September 21, 2011 correspondence then reflects the additional assessment of $5.69. In the present case, given the lack of evidence regarding the original contractual rate, or the transfer of the right to charge interest in this case, the Court finds no dispute of material fact. Therefore, the Court GRANTS Plaintiff's Motion for Summary Judgment as to Counts I through XIV.

### D.     Validation Notice (Counts XV through XVIII)

    1.     Parties' Positions

Plaintiff also asserts that Defendants violated the FDCPA because they failed to articulate that a debtor's dispute "must" be in writing. (Pl.'s Moving Br. 10.) Although 15 U.S.C. § 1692g does not specifically mention a writing requirement, the Third Circuit, in *Graziano v. Harrison*, established that the statute mandates all disputes must be in writing: "[t]o comply with the terms of the Act, statutory notice must not only explicate a debtor's rights; it must do so effectively." (*Id.*) (citing *Graziano v. Harrison*, 950 F.2d 107, 111-12 (3d Cir. 1991)).

Here, the Defendants sent an initial debt collection letter that stated, "[i]f, for any reason, you dispute this debt or any portion thereof, you may notify us of same in writing within thirty (30) days from receipt of this notice." (Pl.'s Moving Br. 11.) Plaintiff argues that the "least-sophisticated debtor" could reasonably interpret the statement to mean that she can properly dispute the debt by phone or in person. (*Id.* at 11-12.) The "least-sophisticated debtor," therefore, would be "uncertain as to her rights." (*Id.* at 12) (citing *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 152 (3d Cir. 2013) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)).)

Defendants respond by dissecting the "least-sophisticated person" standard: "[w]hile this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming basic level of understanding and willingness to read with care.'" (Defs.' Opp'n Br. 5 (citing *Wilson* at 354-55 (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993))).)

Defendants further argue that the word "may" is used in conjunction with "notify" to indicate that a debtor has the choice to dispute if he wishes to do so. (Defs.' Opp'n Br. 6-7 (citing *Ardino v. Fin. Recovery Servs. Inc.*, No. 11-6520 (WJM), at *1 (D.N.J. June 6, 2012)).)

7

Moreover, Defendants note that the correspondence does not mention disputing debts by any other means. (Defs.' Opp'n Br. 7.) Defendants argue, therefore, that even the least-sophisticated debtor would not think that she could properly dispute a debt without submitting a writing. (*Id.* at 8.)

        2.    <u>Discussion</u>

In its decision on Defendants' motion for judgment on the pleadings, the Court found that the least sophisticated debtor could have interpreted the collection letter to mean that there was a way to dispute the debt other than in writing. (Dec. 19, 2012 Op. 4.) The Court now finds it appropriate to revisit this issue in light of the Third Circuit's guidance in *Caprio v. Healthcare Revenue Recovery Group*, which the Third Circuit decided following this Court's decision on Defendants' motion. A debt collector has violated the FDCPA if accompanying "language in a collection letter contradicts or overshadows the validation notice." *Caprio*, 709 F.3d at 147 (quoting *Wilson*, 225 F.3d at 353 n.2). To determine whether a validation notice is improper, "[the court] ha[s] turned to the well-established 'least sophisticated debtor' standard." *Caprio*, 709 F.3d at 149; *see Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006).

The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Wilson*, 225 F.3d at 354. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (internal citations omitted). Yet, it nevertheless "prevents liability for bizarre or idiosyncratic interpretations." *Wilson*, 225 F.3d at 354-55.

In *Caprio*, the court indicated that merely listing a phone number is insufficient to violate the FDCPA and proceeded to consider various circumstances under which a violation might arise. The Court then explained that a collection letter violates the FDCPA when it "involve[s]

8

more than just an instruction to make a telephone call . . . [and is] filled with the kind of 'threatening' language and formatting choices clearly condemned by the courts." 709 F.3d at 154. In *Caprio*, the collection letter read, "if you feel you do not owe this amount, please call us toll free at 800-984-9115 or write us at the above address." *Id.* at 150. The Third Circuit's decision in *Caprio* suggests that liability only arises when a telephone number is listed in a manner that indicates that calling is a legitimate means to dispute a debt. *See* 709 F.3d at 153 (citing *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 483 (4th Cir. 1991)) ("IF THERE IS A VALID REASON, PHONE US AT . . . TODAY. IF NOT, PAY US-NOW."); *see also Caprio*, 709 F.3d at 152-53 (citing *Terran v. Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997)) (finding no violation because the letter "merely request[ed] a phone call"). The *Caprio* Court's discussion supports the notion that the FDCPA protects naive consumers; if, for instance, a debt collector mentions an alternative means of communication, a non-sophisticated consumer may consider it a legitimate option absent diligent investigation.

In contrast, construing alternatives by carefully dissecting the word "may" is unlikely to be a condition of naivety.[1] "Where a validation notice plainly specifie[d] that FDCPA contact must be in writing, and nothing [elsewhere in] the letter suggest[ed] in any way that an instruction to call was intended," the court found that even a least-sophisticated consumer could not be reasonably misled. *Caprio*, 709 F.3d at 153 n.1 (quoting *Miller v. Wolpoff & Abramson*, 321 F.3d 292 (2d Cir. 2003)). In the present case, Defendant's collection letter reads, "[i]f, for any reason, you dispute this debt or any portion thereof, you may notify us of same in writing within thirty (30) days from receipt of this notice." Accordingly, the specific language at issue

---

[1] For example, Plaintiff's attorneys defined "may" to mean "must" in the original complaint and then reinterpreted it to mean the opposite upon realization that their original reading was consistent with the law.

9

presents only one means to dispute the owed balance. To assume that an unmentioned course of conduct would similarly suffice is unpredictable and, therefore, by definition, idiosyncratic. Moreover, a hypothetical decision to implement an unstated remedy in spite of the one expressed by the debt collector would exhibit the lack of minimal care expected even of the least-sophisticated individual.[2]

Congress enacted the FDCPA "to eliminate abusive debt collection practices," and no such abuse occurred here. *Wilson*, 225 F.3d at 354 (internal citations omitted). Therefore, the Court DENIES Plaintiff's Motion for Summary Judgment as to Counts XV through XVIII.

### III. CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Plaintiff's Motion for Summary Judgment is GRANTED as to COUNTS I through XIV and DENIED as to COUNTS XV through XVIII. An Order consistent with this Opinion will be entered.

                                                        s/ Michael A. Shipp_____
                                                        MICHAEL A. SHIPP
                                                        UNITED STATES DISTRICT JUDGE

Dated: December 31, 2013

---

[2] The Court also considered whether Defendants' use of the word "may" in conjunction with the bolded and underlined listing of a phone number in the collection letter violates the FDCPA. Here, the Defendant's placement and use of its telephone number on the collection letter does not create a violation. The collection letter reads, "[y]ou may contact any representative of this Office at **201-368-2850 extension 5999** in order to discuss this matter." The letter does list the phone number—bolded and underlined, making the information stand out to the debtor-reader—but does not suggest that telephone is a proper means to communicate a dispute. The phone number is in a completely separate paragraph from where the debt collector discussed dispute procedures. Further, the letter does not demand that the debtor call "now" or "immediately," nor does it suggest that failure to call would have any repercussions.